NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

07-1508

NICHOLE WOODS HENSGENS

VERSUS

CHARLES NICHOLAS HENSGENS, III

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTY-FIRST JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON DAVIS, NO. C-632-04
HONORABLE WENDELL MILLER, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

OSWALD A. DECUIR
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Oswald A. Decuir and
Glenn B. Gremillion, Judges.

AFFIRMED.

Walter M. Sanchez
Lorenzi, Sanchez & Barnatt, LLP
518 Pujo Street
Lake Charles, LA 70601
(337) 436-8401
Counsel for Defendant/Appellant:
        Charles Nicholas Hensgens, III

Todd H. Melton
Todd H. Melton, L.L.C.
P. O. Box 847
Lake Charles, LA 70602-0847
(337) 439-2979
Counsel for Plaintiff/Appellee:
        Nichole Woods Hensgens

**DECUIR, Judge.**

In this case, a father appeals the trial court's denial of his request to modify a prior stipulated custody decree. For the reasons that follow, we affirm.

### FACTS

Nichole and Charles Hensgens married in 1991. Four children were born of the marriage. When the Hensgens separated in 2004, the children were 12, 11, 8, and 3 respectively. The parties shared custody equally prior to their divorce becoming final and stipulated to an evaluation by Dr. Ken Bouillion of Lafayette. In August 2005, based in part on that evaluation, the parties stipulated to joint custody with Nichole as domiciliary parent. Given the high level of conflict within the family, they also stipulated to further family counseling with Dr. Bouillion. At some point, Dr. Bouillion became concerned about the performance of the older three children in school and their confrontational behavior toward their father which he attributed to the inappropriate sharing of adult information. Specifically, he cited Nichole's intentional or negligent exposure of the oldest son to a deposition which revealed his father's marital infidelity. In April 2006, Dr. Bouillion recommended a change in domiciliary status of the children, especially the two eldest boys.

On April 26, 2006, Charles filed pleadings seeking to modify the domiciliary status of the children. With the hearing set for October and the school year soon to commence, the trial court set a telephone status conference in August 2006. Over Nichole's objection, the court ordered implementation of a hybrid custody arrangement recommended by Dr. Bouillion wherein the two older boys were domiciled with Charles and the younger girl and boy were domiciled with Nichole.

After the October 2006 trial, the court declined to follow Dr. Bouillion's recommendation, in part because he felt that Dr. Bouillion had lost his objectivity because of the dual role as evaluator and counselor thrust upon him by the court.

Accordingly, the trial court vacated the interim custody arrangement and reinstated the August 2005 stipulated agreement with the addition of an alternating seven day pattern for the summer months.

Charles lodged this appeal.

## DISCUSSION

On appeal, Charles contends that the trial court erred in not following the recommendation of Dr. Bouillion that custody be modified. He specifically argues that Dr. Bouillion's recommendation should not be discounted because the court's demands created a conflict of interest. We decline to discuss the ethics of dual relationship psychology in rural communities, believing it only masks the underlying issue.

"[W]here the original custody decree is a stipulated judgment, the party seeking modification must prove (1) that there has been a material change of circumstances since the original custody decree was entered, and (2) that the proposed modification is in the best interest of the child." *Evans v. Lungrin*, 97-541, 97-577, p. 13 (La. 2/6/98), 708 So.2d 731, 738. "On appeal, a trial court's ruling on a change of custody request may only be disturbed if the reviewing court determines that the trial court abused its discretion in making its ruling." *Hillman v. Davis*, 02-685, p. 5 (La.App. 3 Cir. 12/11/02), 834 So.2d 594, 598.

Because the present custody decree is a stipulated judgment, Charles must prove both prongs of the *Evans* standard: 1) that a material change in circumstances has occurred since the entry of the stipulated judgment and; 2) that his proposed modification is in the best interest of his children.

In its oral reasons, the trial court did not make a specific finding regarding a material change in circumstances. However, it is clear from the record that Charles

failed to carry his burden of proof regarding this prong of the *Evans* test. The only evidence presented by Charles suggesting a change in circumstances was the recommendation of Dr. Bouillion and the allegation regarding the revelation of his infidelity to his oldest son. The trial court clearly believed both parties to be guilty of exposing the children to adult issues and unnecessary conflict. Moreover, while the children's troubles in school and change in attitude toward their father are unfortunate, they do not constitute a material change in circumstances sufficient to compel us to conclude the trial court abused its discretion in not recognizing it. Likewise we cannot say that the trial court abused its discretion in concluding that it is in the best interest of the children to be together.

## DECREE

For the foregoing reasons, the judgment of the trial court is affirmed. All costs of these proceedings are taxed to appellant, Charles Hensgens.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules, Courts of Appeal.